May it please the Court, my name is Nathaniel Pollack and I'm representing the United States in this case. I'd like if possible to reserve two minutes for rebuttal. For at least three reasons this Court should reverse the District Court's determination that Section 7602C1 of the Internal Revenue Code requires notice of particular third parties that the IRS intends to contact. The first reason is that what the statute actually requires is reasonable notice in advance to the taxpayer that persons other than the taxpayer that contacts with persons other than the taxpayer may be made. We'd submit that on its face that language is a general pre-contact notice requirement. What it requires is that the IRS provide reasonable notice that there's a possibility in the context of an audit that the IRS will contact not consumers, employers, etc. other third parties. Does that notice always go out? Yes, it goes out as part of Publication 1 and typically Publication 1 is included with the very first letter that the taxpayer receives. So it's a notice that the taxpayer gets when they find out they're under audit and Publication 1 is a document that really sort of sets out the ground rules. It both talks about the taxpayer's rights and it sort of sets out the ground rules to say these are sort of the rules that operate and includes in that, you know, the notification that the IRS can contact third parties. And that's all it's meant to say, is the IRS can contact third parties and you ought to know that? That's the purpose? Exactly. And it's given to the taxpayer also at a time that's quite often not long before the IRS requests information and documents from the taxpayer, him or herself, which was the case here. I think that there was an information document request made to the taxpayer about two months after that publication was sent. And so when the taxpayer is deciding whether to provide the IRS with the information and the documents it's requesting, the taxpayer is deciding that with an awareness that the IRS is able to contact third parties. Now, let me ask you, did the IRS used to have a different practice? It did. The IRS for a period of time after the notice requirement was enacted sent the variety of stand-alone letters. That was actually contrary to what Congress expected. If you look at legislative history, the conference report that goes along with the language in the statute that was actually enacted said that it is intended that, in general, this notice will be provided as part of an existing IRS notice provided to the taxpayer. Now, that didn't say publication one, but it seems quite likely that that reference is a reference to publication one, which existed at the time. But, counsel, in practice, how does the IRS decide when to provide additional notice beyond publication one? And does it have anything to do with how the person being audited responds to notification of an audit? Is there, like, a list of criteria, guidelines, internal policy that the IRS follows in determining when these additional letters should be issued? Or does it depend on the person handling the audit and it's purely discretionary? Your Honor, I would say two things in response to that point. One is the general practice of the IRS currently is to provide the notice as part of publication one and not to provide stand-alone letters. Now, in some circumstances, the IRS can provide letters, and so it's certainly not prohibited from providing more notice. The IRS can also tell the taxpayer particularly what information it wants to request from a third party, even though that form of notice is clearly not required by the statute. No, I understand your position in this litigation is that publication one is all that's required. But yet there are instances, as you discuss, where the IRS provides notice beyond that when it contemplates reaching out to third parties. So my question is, what are the circumstances? How does the IRS make that determination as to when additional notices beyond publication one are to be given? Your Honor, my understanding is that it's very unusual for the IRS to provide those kind of general pre-contact notice letters that it used to provide. The other thing you have a statutory obligation here, and the statute is written in an interesting way. The statute says you may not contact these people, these third parties, unless you provide reasonable notice in advance. And the reason why the word reasonable, in and of itself, is a flexible term. Reasonable has to adjust to circumstances. What's reasonable under certain – I mean, what's, you know, the context is everything. What's reasonable under some circumstances may not be reasonable under other circumstances. But yet that's the language that Congress used. Your Honor, that's right. But the word reasonable is not just reasonable notice. It's reasonable notice that contacts with third parties may be made. And so in our view, that means that the reasonableness requirement is the notice has to be reasonably calculated to let taxpayers know that third party contacts are a possibility. And I would say, too, that it's important when reading this statute to read it in context. So here you have two sort of paired notice requirements. You have subsection C-1, which requires general pre-contact notice. And you also have subsection C-2, which requires specific post-contact notice. The IRS must provide a record of persons contacted post-contact. And the legislative history is also very informative here, because the initial proposal from the Senate was a specific advance notice requirement that would require the IRS to tell the taxpayer specifically each particular third party that it intended to contact. And Congress ultimately rejected that notice requirement in favor of the bifurcated general pre-contact specific post-contact notice requirement that it actually ended up enacting in the statute. And so that militates very strongly against the district court reading the statute effectively as if it were the initial Senate proposal instead of the statute that was actually enacted, which is general pre-contact notice specific post-contact notice. Our district courts seem to have read it differently. They're split on it. And they're reasonable courts, and they're reading it differently. Are you aware of any out-of-circuit authority on this? Yes. And we've cited in the various briefs, first in the initial brief and then also in the brief which I'm not sure this Court's going to consider, which is the whole amicus, reply to the proposed amicus brief. But I believe there are either 11 or 12 district courts that have decided this issue other than the district court in this case, and every single other one besides the district court in this case has concluded that Publication I provides notice that satisfies this subsection C-1 advanced notice statutory requirement. If there are no questions now, I'll reserve the remainder of my time for rebuttal. Is that fine? Yes. All right. Thank you. Good morning. Noreen Evans for the Baxters, and I wanted to start out by noting in answer to the Court's question earlier, these audits have been going on for over five years. And the summons for the 2011 taxable year was part of the National Research Project, and that is the summons that is before the Court today. We believe that this issue is really very simple and straightforward, and it is based upon the language of the statute itself. The issue here is whether, as the Court has already noted, the notice given to the taxpayers under Publication I was reasonable under the circumstances. Very simple, very simple, straightforward question. And let's turn to the statutory language. Now, Section 7602 is a very typical authorizing statute. It starts out in subsection A with a very broad authority granted to the IRS to submit summonses. It then proceeds in subsequent subsections to limit that authority and to state the conditions upon which the IRS must meet before exercising that authority. And part of that is the notice to the taxpayer found in subsection C-1, which is the issue before the Court. As the Court has already noted, the language of that subsection is prohibitory. That is the ---- Would you agree that perhaps it's ambiguous? And if it's ambiguous, do you have any legislative history relative to how we determine its meaning? And let me just preface that by saying it says, general notice, this is an officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the termination and collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contact with persons other than the taxpayer may be made. So it doesn't follow through and say that may not contact any person other than the taxpayer without giving reasonable notice that that person will be contacted. Well, Your Honor, I don't believe that this is ambiguous in any way. I believe that the language reasonable notice has been interpreted for probably over 100 years to mean what is reasonable under the specific circumstances of the case. And it is the language is somewhat general, but it's not ambiguous. It clearly says that unless the IRS provides reasonable notice to the taxpayer in advance, the IRS may not make contacts with any third party. And so you would say that the reasonable notice is very important because they could have said without providing notice in advance to the taxpayer. Correct. And by putting the word reasonable there, that becomes very significant. Yes, that's very significant language because it leaves it up to interpretation and applicable to the specific circumstances of the case. And as the Court well knows, in this particular case, the summons was issued to the taxpayer's employer, which happened to be the Supreme Court of the State of California, for this Court, to represent indigent defendants in death penalty cases. But isn't this a slippery slope? If you are trying to determine reasonable notice in every case, and yet every case is somewhat different, how do you get to a point of having, defining the parameters of reasonable notice in a way that can be followed? First of all, I don't think the Court has to get to that question here because the question is was it reasonable under these particular circumstances. But second of all, I think it would have been very simple for the IRS to have crafted a Publication I generic notice that goes out to all taxpayers that says, look, we might contact your employers or your banks. We might talk to them. We might contact them in writing. We might issue a summons. The word summons is never mentioned in that particular part of Publication I, and yet the notice is required under the summons authorizing statute, the very statute that authorizes the IRS to issue the summons, yet they never even mention that. So they want a rule that says Publication I as written is always reasonable notice. You're not asking for a rule that says Publication I as written is never reasonable notice. Correct. No. You're asking for, in certain circumstances, they need to do more. So what's the, what kind of line would you draw here? Like, what are the circumstances? The circumstances are that in this particular case, the IRS served this generic Publication number one two years prior to the time they served the summons on the California State  Who reads it anyway? I mean, you get these notices, right? No one reads them. Right. Well, we hope that people do, and I think the law presumes that we do. But in this particular case, what the Publication I says is we may talk to third parties. It sounds very innocuous, very innocent. But it's not telling you that your employer is going to be compelled by judicial process to provide information about you, which is a degree of seriousness beyond we may talk to your employer. That's what you're saying. Exactly. And that brings me to my next point, Your Honor, and that is that there's a world of difference between casually telling a taxpayer that, well, we might talk to third parties, and actually issuing a summons to a taxpayer's employer. And as was noted by the taxpayer advocate in 2015 and again in 2018, there is a very potential, very strong potential of harm to the taxpayer's reputation, particularly with the taxpayer's employer. But particularly in this situation where you're appointed, but you're not really, you're employed, but you're also appointed and you need to be in a certain category of people in order to be eligible for appointment in this particular situation. And add to that, Your Honor, looking at the documents that were requested from the California Supreme Court, they were documents, they were billing records, and they were correspondence and other documents. That was the language that was used by the summons relating to Mr. Baxter's representation of indigent clients in death penalty proceedings. And those documents, the district court found, could potentially reveal Mr. Baxter's litigation strategy and his confidential communications with his clients. So the gravity of what actually happened as compared to the very generic, innocuous, innocent-sounding notice of Publication 1 is where I think this case presents to the court the opportunity to hold, and I believe compels the conclusion, that in this case, that was not reasonable notice under the circumstances. But you're saying they could, the IRS could craft a generic notice that would comply with the statutory terms? I am saying the court doesn't need to get to that conclusion, but I believe that that is entirely possible. That giving the taxpayer simple notice, that, because here's the thing. The statute is prohibitory. Unless the IRS notifies the taxpayer that it's going to do something, it can't do it. It's notice to the taxpayer limits what the IRS is authorized to do under the statute. So when the IRS says, well, we might talk to third parties, then that's what they're allowed to do. They're allowed to talk to third parties. They could have picked up the phone and called the chief clerk to verify Mr. Baxter's employment or how much they paid him and et cetera. But to actually issue a summons is not included in the language of the Publication 1. And that's why we believe it was not reasonable under these circumstances. And it would have been easy for the IRS to do. Does anybody have any other questions? All right. Thank you very much, counsel. Thank you very much. We urge that the court uphold the district court's decision. Thank you. Your Honor, just a few points. One is I think that the question of reasonableness and is if the word reasonable in the statute were to be interpreted as kind of an empty vessel for all kinds of substantive requirements that may not be apparent. We've had this discussion before. What does reasonable mean? So the second point I'd like to make then is that there's a specific notice requirement with respect to summonses. It's section 7609 of the Internal Revenue Code. And I think that militates against concluding that there's... Counsel, can I just ask you, I mean, what's so near and dear to the IRS's heart about Publication 1? Couldn't they make it more of a realistic notice that instead of saying, we might talk to your people, we might subpoena your employment records, we might ask for things that may be privileged, you may assert your privilege? Well, I would... Certainly the Publication 1 could be written differently, but as to summonses, there's a particular notice that allows the taxpayer time to initiate an action, gives the taxpayer a copy of the summons, and allows the taxpayer time to... Right. But you're arguing for us to say your argument is that this exact Publication 1, as it's written, as it is written today, and who knows who wrote it, but whoever wrote it will satisfy the statutory terms under any circumstances. We believe it provides general notice that third-party contacts are a possibility, which is what the statute requires. But I would like to make one point... Why don't you think about rewriting it so it's a little more real? Well, I think it's written, it's supposed to be written for non-lawyers to say third-party contacts are a possibility. It's not... I don't think the statute requires the IRS to catalog every possible method through which it will contact third parties. But I also want to note that in this particular case... But this notice requirement is part of the summons, part of the statute. So it's talking about summonses. Certainly summonses are included as third-party contacts, and taxpayers get additional, very specific notice when it comes to summonses that they don't get in other kinds of third-party contact areas. And that notice allows them to challenge the summons as they've done here. Let me ask you this. Let's assume that we take the word general notice to mean just that, okay? So you can do it beforehand. You don't have to name everybody you're going to contact. Let's assume that for a moment. It still could be that the publication one may not be adequate to give that general notice which is required, reasonable notice. And I think that's something to think about, is that even if the notion is that you can... You're not required to give the names and the entities, that nevertheless when you give a reasonable notice, given the different kinds of ways in which people may be contacted, some much more intrusive than others, that there ought to at least be some listing that those possibilities may come up in a particular case. I would submit that that goes beyond what the statute requires, but yes. But I do want to make just one last point, which is as to this case, the taxpayers are arguing that they shouldn't have to give the IRS these documents at all, the documents that are the subject of the summons. So this is not an instance where the taxpayer is saying, well, if you had let us know first, we would have provided the documents and then you wouldn't have had to go through the talk to third parties. This is an instance where the taxpayer's position is, you shouldn't have the documents. But they're basing that on, I mean, billing records, right? So, and it's billing records when you're an attorney, oftentimes are reflective of your strategy. And so perhaps there's some redactions that need to be made. That's certainly a different issue. But my simple point is that this is not a case where the taxpayers have offered to give the IRS the documents or the taxpayers didn't have an opportunity to give the IRS the documents that they would have provided. This is a situation with the documents. No, this situation's gotten pretty hostile. Thank you. So, thank you, counsel. Baxter v. United States will be submitted and we will take up U.S. v. Lee. Thank you very much, counsel.
judges: Wardlaw, Nguyen, Oliver